```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF VIRGINIA
              ROANOKE DIVISION
```

| MARCUS ADAM ASHBY, | ) | CASE NO. 7:19CV00715 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| STEVEN CLEAR, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Marcus Adam Ashby, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging denial of adequate medical care in jail. After review of the record, the court concludes that the action must be summarily dismissed for failure to state a claim.

Ashby, an inmate at the Southwest Virginia Regional Jail in Haysi, Virginia, alleges the following sequence of events on which he bases his § 1983 claim. Ashby developed an ingrown toenail that became "extremely irritated and infected." Compl. 2, ECF No. 1. Over a six-month period, he was provided "every infection pill[, but] nothing helped." Id. He was also prescribed ten days of "foot soaks" with the help of a night nurse; after the third soak, the nurse told him "they aren't going to do anything for it [so] deal with it and no I'm not putting you on the dr [sic] list." Id. Ashby did not receive any more foot soaks. Id. at 3. On October 21, 2019, "they cut the ingrown [toenail] out." Id.

Ashby filed this § 1983 action that same week, naming the jail and Steven Clear as defendants. As relief, he asks for monetary compensation and a transfer to a facility that provides proper medical treatment.

Under 28 U.S.C. § 1915A(b)(1), the court is required to review prisoner complaints for compliance with the basic rules of pleading, and during this review, must either identify a claim in the complaint on which relief may be granted or summarily dismiss the complaint. A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarrantano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). One of the defendants Ashby has named, the jail, does not qualify as a person subject to being sued under § 1983. See, e.g., McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Thus, the court must dismiss Ashby's claims against the jail.

While the other defendant Ashby identifies, Steven Clear, is a person who might be sued under § 1983, Ashby fails to state any § 1983 claim against this individual for another reason: he does not describe any conduct by Clear that deprived him of constitutional rights. To hold an official liable under § 1983, the plaintiff must state facts that affirmatively show how the officer acted personally to deprive the plaintiff of constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Even assuming Clear is a supervisory official at the Haysi facility, a supervisor cannot be held automatically or vicariously liable for the actions of his employees. Id. Moreover, supervisory officials without medical expertise may rightfully rely on the medical diagnoses and treatment prescribed for an inmate by the jail's medical staff. Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995). Because the complaint fails to state facts showing that Clear

violated Ashby's constitutional rights, the court will summarily dismiss this case without prejudice under § 1915A(b)(1) for failure to state a claim upon which relief could be granted.[1] Dismissal without prejudice leaves Ashby with the option to refile his § 1983 claims in a new and separate civil action, provided that he corrects the noted deficiencies. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 6th day of December, 2019.

*[signature]*
Senior United States District Judge

---

[1] In any event, the court is also satisfied that Ashby has not stated facts to support a § 1983 claim against anyone at the jail based on the medical care he received there. Only a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). To state such a claim, the plaintiff must show, objectively, that his medical need was serious and, subjectively, that the defendant prison official was "deliberately indifferent"—that he "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," or responded unreasonably to such a risk. Farmer v. Brennan, 511 U.S. 825, 834-37 (1994). A claim concerning a mere disagreement between an inmate and medical personnel over the appropriate diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Ashby fails to allege that anyone at the jail ignored his medical needs. On the contrary, his complaint indicates that jail officials provided him with various medications to treat the infection, foot soaks to address his pain, and ultimately, a surgical procedure to remove the ingrown toenail itself. Ashby believes that the medical staff should have removed the nail sooner. His mere disagreement with the medical judgments of the doctors or nurses as to the type and timing of treatments provided does not show that any of these individuals acted with deliberate indifference to his serious medical needs, as required to state an Eighth Amendment claim against any of them.